ADAMS, Justice.
The plaintiff, Johnny D. Terry, appeals from a dismissal of his action alleging libel and slander, for failure to state a claim upon which relief could be granted. We reverse. The following facts are pertinent to the case.
Johnny Terry is presently serving a life sentence for the murder of Johnny Aired, the son of the defendant, Martha Aired Hollis. Terry claims that during a classification interview with one of the Department of Corrections employees, he was informed that Ms. Hollis had written a letter to that Department stating that Terry had been making threatening phone calls to her. Terry was denied access to the letter, but, nevertheless, filed suit against Ms. Hollis, alleging libel and slander. He alleges that the letter has resulted in the denial of his “eligibility for early release programs, job placements, and any other available programs.”
In an affidavit, Terry claims that he has had no contact whatsoever with Ms. Hollis since his conviction. He further states that the only way he could have called Ms. Hollis would have been via a collect phone call from the prison. While we recognize that Terry’s claim may not make it to trial, we are of the opinion that his pleadings state a cause of action and that his case was, therefore, erroneously dismissed. Terry claimed that Hollis wrote a letter with the sole intent of preventing him from obtaining a parole and that the letter was written in retaliation for what he had done.
We are of the opinion that the trial judge was hasty in dismissing the complaint and, although discovery may lead to a disposition in favor of Hollis at a later proceeding, a dismissal at the pleading stage was improper.
Therefore, the judgment of dismissal is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES and STEAGALL, JJ., concur.